# United States District Court
## Southern District of Florida

Mike E. Neal ²
   Plaintiff

Vs.

L. Wilson
A. Celeide
E. Cobacco
C. Jr Tolliver
Jenny Bailey
A. Lawrence
J. Mendez
C. Bennet

Defendants is sued in
their individual capacity)

CIVIL CASE NO: _____
REQUESTED: Jury trial

FILED BY _____ D.C.

JAN 30 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## Complaint under Civil Rights act 42 usc 1983

### Plaintiff Information:

1. Name of Plaintiff: Mike E Neal
Inmate Number: 150-133-695
Place of Confinement: Turner Guilford Knight
Correctional Center: mailing Address. 7000 N.W
41st Street miami, florida 33166

2. Name of Defendant: Jenny Bailey
Official Position: Correctional Captain
Employed at: Turner Guilford Knight Correctional
Center, Mailing address: 7000 N.W 41st Street
miami. florida 33166

3. Name of Defendant: J. mendez
Official Position: Facility Lieutenant
Employed at: Turner Guilford Knight Correctional Center
mailing address: 7000 N.W 41st street miami. Florida 33166

4. Name of Defendant: E. cobarco
Official Position: Correctional counselor Supervisor
Employed at: metro west Detention center
mailing address: 13850 NW 41st street miami florida 33178

5. Name of Defendant: C Jr Tolliver
Official Position: Correctional counselor and
Disciplinary hearing officer
Employed at: metro west Detention center
mailing address: 13850 NW 41st street miami florida 33178

6. Name of Defendant: B. CELEIDE
Official Position: Correctional correctional officer
Employed at: metro west Detention center
mailing address: 13850 NW 41st street miami florida 33178

7. Name of Defendant: A. Lawasance
Official Position: Correctional Captian
Employed at: metro west Detention center
mailing address: 13850 NW 41st street miami florida 33178

8. Name of Defendant: C. Bennet
Official Position: Correctionals classification Captain
Employed at: metro west Detention, Turner Guilford
Knight, and county Jail, 7000 NW 41 street miami florida 33166

9. Name of Defendant: L Wilson
Official Position: Facility Lieutenant
Employed at: metro west Detention center
mailing address: 13850 NW 41st street miami florida 33178

# Statement of Facts

10. around about 7-26-2016 Plaintiff MIKE E NEAL was transferred from turner Guilford Knight Detention center to metro WEST Detention center.

11. Plaintiff was Placed on an medical Housing unit for Plaintiff Physical disabilities on unit 3A3.

12. Then around about 8/17-2016 Plaintiff was moved from unit 3A3 medical Housing needed unit to 3C1 General Population unit where Plaintiff shouldn't had been with his Physical Disabilities.

13. Plaintiff was moved because of two inmates name Bailey and carr. who Both wanted to beat Plaintiff up for his brand NEW chess board.

14. and the correctional classification Department had created an KEEP Separate File that should not allow Plaintiff and both inmates to be Housed on the same unit.

15. in which inmate bailey didn't have any more Physical injuries who's an 25 year old man that is an trustEE living in an old man cell threaten them. Just as he did Plaintiff who was 41 years old with Disabilities that was mandated for Physical therapy with orthopedic.

Case 1:18-cv-20833-KMW Document 1 Entered on FLSD Docket 3/30/2018 Page 4 of 34

16. and the inmates name was carr who has one eye who was lying stating he couldn't see out of the good eye.

17. but the Plaintiff was is worst position then both inmates as Plaintiff suffered with cronic injuries and diabeties

18. and also Plaintiff walk with an cane at all times secondary to (L) knee torn meniscus, herniated discs, and peripheral neuropathy. and the use of handcuffs placed in front at all times secondary to bilateral torn rotator cuffs, see Exhibits "A"-"B"

19. to which it showed that Plaintiff needed to be on 3A3 unit medical Housing more than the inmates carr and bailey and further as the Plaintiff was mandated for physical therapy treatment by out side Doctor speicalist at Jackson memorial. and those inmates didn't have Preatment plans

20. about 5 months after Plaintiff was moved to unit 3c1 General Population. The inmate carr was moved on the same unit as Plaintiff

21. in which classification does all relocation and should of seen an red flag to keep the inmate carr from Plaintiff but failed to do so and protect Plaintiff.

22. Days later carr started calling plaintiff names and threaten Plaintiff. Plaintiff wouldn't respond to try avoid the inmate carr.

23. Then on 1-12-2017 Captain A. Lawarance and Lieutenant L. wilson who are Defendants. came to unit 3c1 to tour around the unit and talk with inmates about issues.

24. Plaintiff started walking towards Defendant A. Lawarance to make his complaint about inmate carr.

25. The inmate carr seen Plaintiff walking towards Defendant Lawarance was an cause. inmate carr rushed ahind of Plaintiff and started talking with Defendant A. Lawarance

26. When Plaintiff made it to Defendant A. Lawarance inmate carr started looking at Plaintiff in an threaten matter as if he was telling Plaintiff that Plaintiff better not snitch.

27. Defendant A. Lawarance seen inmate carr demeanor and asked did Plaintiff and inmate carr get along with each other.

28. inmate carr immediately stated that he don't like Plaintiff and lied that Plaintiff be starting problems.

29. Then Plaintiff stated to Defendant A. Lawarance that him and inmate carr was on 3A3 medical unit together and that Plaintiff was moved to 3C1 as an keep separate from inmate carr and Bailey.

30. and then Plaintiff stated to Defendant A. Lawarance that he can't defend his self because of the injuries Plaintiff suffer of and ask can he be moved back to medical needed unit.

31. Then Defendant A. Lawarance asked Plaintiff why he don't like 3C1 nice unit. Then Plaintiff responded that he need treatment on medical unit and that Plaintiff stated inmate carr threating him many time and he's scared to be hurt worst than he already is.

32. Then Defendant A. Lawarance stated to inmate carr that He better not mess with Plaintiff. inmate carr was smiling and lying stating he wasn't going to mess with Plaintiff

33. Then Plaintiff stated to Defendant A. Lawarance that he's not safe on that general population unit 3C1.

34. Defendant A. Lawarance responded to Plaintiff and stated that nobody will mess with Plaintiff and then ordered Plaintiff to go lay down and rest his nerves.

35. Plaintiff then walked off and Double back to talk with the lieutenant Defendant L. wilson and ask to be moved from General Population back in medical Housing unit 3A3.

36. Defendant L. wilson stated Plaintiff isn't moving back in medical Housing unit 3A3. Then stated that inmate carr said that he wasn't going to mess with Plaintiff

37. Then Defendant L wilson also stated to Plaintiff the he better no get in trouble or Defendant L wilson will Place Plaintiff in segregation confinement and will not let Plaintiff back out.

38. Then both Defendants A. Lawarance and L. wilson walked out of 3C1 unit.

39. The next day on 1-13-2017 Plaintiff was escorted to an court appearance and then Plaintiff returned around noon time right before shift change at 3:00 till 11:00 shift.

40. Plaintiff came in his unit 3c1 and put the jail card on the officer desk and went to his bunk 2 bunks away from inmate carr.

41. no later than 5 minutes inmate started with Plaintiff and stated Plaintiff is an snitch.

42. Plaintiff responded and stated to inmate carr to leave him the fuck along and that he's going to the officer to get inmate carr moved off unit 3cl.

43. Defendant A.celeine who's an unit officer on 3cl came in the unit and was doing his inmate head count by going to each inmate asigned bunk and call their names.

44. when Defendant B.celeine stopped at Plaintiff bunk Plaintiff than stated to the Defendant A.celeine that inmate carr constantly threaten him.

45. Defendant A.celeine walked down to inmate carr bunk and asked inmate carr what's his problem with Plaintiff.

46. inmate carr stated to Defendant B.celeine that He don't like Plaintiff cause they had arguments on 3A3 unit befor in the pass and Plaintiff was moved off the unit.

47. Defendant B.celeine then stated that inmate carr and Plaintiff to stay away from each other.

48. Then Defendant B. Celeide walked back to his Desk and set down to fill out the inmate count sheets.

49. Then about 30 minuts later the inmate head count was clear and Defendant B. Celeide open up the unit floor allowing inmates to walk around and continued their normal activitys.

50. Plaintiff left his bunk to use the restroom as Plaintiff was coming out the restroom inmate carr cut off Plaintiff Path out the restroom and stated to Plaintiff if he snitch on him again he will fuck Plaintiff up.

51. Plaintiff came out the restroom and imediately walked straight to Defendant B. Celeide Desk and stated that inmate carr threaten He in the restroom.

52. Defendant B. Celeide then stated to Plaintiff Give him an mintue and got up from his Desk and walked to the united Door to flick the light switch on and off yelling at the inmates stating they to loud on the unit.

53. and at that time inmate carr walked up behind Plaintiff and tap Plaintiff on his Right shoulder Plaintiff turned around and inmate carr asked Plaintiff about his court Date Then Plaintiff stated to leave him alone and turned back around to walk.

54. inmate carr then immediately punch Plaintiff in the back of his head knocking Plaintiff forward. Then Plaintiff was fighting back trying to protect his self.

55. Then Defendant B. Celeide came and stood there looking for an couple of seconds then stated are Plaintiff and inmate Carr finish fighten then Grab Plaintiff and inmate Carr apart from each other.

56. Then Defendant B. Celeide ordered Plaintiff to go and set on his Bunk. Plaintiff did ask he were told.

57. and Defendant B. Celeide kept inmate Carr up front by the Officer Desk. ask inmate Carr was yelling at Plaintiff with threats

58. and Plaintiff was yelling back at inmate Carr angry cause inmate Carr Punch him in the back of Plaintiff head.

59. Then Defendant B. Celeide stated to Plaintiff and inmate Carr that he thought Plaintiff and inmate Carr were done fighten.

60. Defendant B. Celeide then stated that he have to move Plaintiff and inmate Carr off unit 3c.

61. Then Plaintiff started protest the he was on 3cl unit first and also stated inmate Carr was threaten and starting Problems first.

62. Then Defendant B. Celeide call the Officer assistance code and all the Officer came running to the unit.

63. Plaintiff was escorted by officer down stairs and placed in the holding cell.

64. Then inmate carr was escorted down stairs straight in medical to be evaluated by an nurse first.

65. an correctional officer came to the holding cell and gave Plaintiff an incident form to fill out as to what happen between Plaintiff and inmate.

66. Plaintiff filled out the incident form that stated inmate carr had punched Plaintiff in the back of his head that started the fight.

67. Then Plaintiff was escorted to medical to be evaluated by an nurse also.

68. Then the nurse had cleaned the cut on Plaintiff hand.

69. Plaintiff requested to speak with an sergeant to complaint that inmate carr wasn't suppose to be on the unit because they were saparated befor from unit 3A3.

70. and Plaintiff also requested to press charges against inmate carr but Plaintiff was ignored his request and then was escorted to an s.m.u unit cell 148.

71. and inmate carr who started the fight was escorted back to 3c1 unit in general population.

72. and it should be notice and noted that that's an discrimination to only place Plaintiff in confinement and not inmate carr. as its not part of policy that only one person placed in confinement;

73. Then After 24 hours that Plaintiff was placed in Disciplinary confinement Plaintiff never received an 24 hour inmate notification Form.

74. That shall be Given to Plaintiff or any inmate when being placed in confinement. To Given Plaintiff or other inmates opportunity to know what's the rule violation the right to obtain their evindent to prepare for an Disciplinary committe hearing.

75. That next day on 1-14-2017 Plaintiff filled out an action Grievance complaint. SEE Exhibit "A"

76. Then on 1-18-2017 counselor Mathews came to Plaintiff cell 148 and collected Plaintiff Grievance complaint and signed and dated. SEE Exhibit "A"

77. Then the next day on 1-19-2017 Defendant C. Jr. Tolliver came to Plaintiff cell 148 to conduct an allege major rule violation hearing.

78. Defendant C. Jr. Tolliver approach Plaintiff unprofessionly and stated to Plaintiff that he know what time it is. and then stated that Plaintiff have an D.R hearing and asked Plaintiff to sign some paper with out any knowlege of the forms.

79. Plaintiff Requested Defendant C. Jr. Tolliver to Read the Alleged Rule violation and explain the Forms Defendant C Jr Tolliver wanted Plaintiff to sign his signature.

80. Defendant C. Jr. Tolliver had refused to explain the forms and the allege rule violation that was placed against Plaintiff.

81. Defendant c. Jr. tolliver became angry and closed Plaintiff Door Flap and walked away.

82. Plaintiff called out to Defendant c. Jr. tolliver to come back so that Plaintiff can request for an postponement to obtain evidence and assistance for an Disciplinary committee hearing.

83. But Instead Defendant c. Jr. Tolliver ignored Plaintiff and kept walking depriving Plaintiff his Rights to an fair hearing

84. it should be noticed and noted that Plaintiff had filed an couple of action Grievance complaint against C. Jr. Tolliver for his misused conducts.

85. and upon information Plaintiff received in Good faith and belifed to be ture that Defendant C Jr Tolliver has many action Grievance complaints filed against him because his aggressive conduct towards inmates and officials and he also had to be moved to different units and Jails cause of such misused conducts.

86. The following week on 1-25-2017 counselor Mathews came to Plaintiff cell 148 and Plaintiff requested the inmate Disciplinary Report.

87. in which that form will show Plaintiff what rule alleged violation and sanction that was opposed against Plaintiff.

88. Counselor Mathews responded and stated that he havn't heard or seen any inmate Disciplinary Report and if he did it would had already Given to Plaintiff.

89. Then Plaintiff requested that Mr. Mathews. to find out about Plaintiff status of inmate Disciplinary Report.

90. Mr. Mathews stated to Plaintiff that he will ask his supervisor Defendant E. Cobarco.

91. Then days later Mr. Mathews came to Plaintiff cell 148 on 1-27-2017 and Gave Plaintiff an inmate Disciplinary Report that Plaintiff had requested see exhibit "B"

92. Then Plaintiff immediately requested an inmate Disciplinary appeal form and Mr. Mathews Gave Plaintiff an appeal form.

93. Then Mr. Mathews stated to Plaintiff that Defendant C. Jr. Tolliver was suppose to Gave Plaintiff the inmate Disciplinary Report same day of the alleged Disciplinary hearing on 1-19-2017 so that Plaintiff can see Defendant C. Jr. Tolliver decision so Plaintiff can appeal because Plaintiff only have two days to do so.

94. But mr. mathews stated to Plaintiff that it wasn't Plaintiff Fault that Defendant C. Jr. Tolliver didn't follow the "Department Standard operating" Policy of miami-Dade county Correctional Department.

95. Plaintiff filled out the inmate Disciplinary Appeal Request on Friday 1-27-2017 and then counselor mr. mathews Signed and dated on Monday 1-30-2017 SEE Exhibit "C" 1 OF 3 PAGES

96. and counselor Mathews Gave the inmate Disciplinary Appeal REQUEST to his Supervisor Defendant E cobarco.

97. Defendant E Cobarco signed and dated the inmate Disciplinary appeal the next day 1-31-2017 affirming the decision of an imposed illegal sanction.

98. Defendant E cobarco deprived Plaintiff his Fair Rights to an Fair hearing with evidence Plaintiff submitted and the denial of assistance. with out reviewing Plaintiff Requested appeal of evidence.

99. Then on 2-11-2017 Plaintiff wasn't released From Disciplinary confinement. on the 30th days of Conpleted sanction that was force On Plaintiff with out an oPPROtunity to obtain Evidence and Plaintiff Presents of an Fair Procedural Hearing.

100. Plaintiff requested for an corporal to complain about why He wasn't Released out of confinement.

101. then corporal Barns approached Plaintiff cell and stated that Plaintiff time wasn't finish yet, and that the time Plaintiff was placed in confinement on 1-13-2017 till the time of Plaintiff hearing Date don't count.

102. and the corporal Barns Stated to Plaintiff that his release Date is on 2-18-2017

103 then Plaintiff stated that that is his birthday and his family coming to see him on Plaintiff birthday.

104. Plaintiff didn't Get an vist on his birthday because He wasn't released out of confinement and Plaintiff family couldn't come to vist at the time they allowed confinement inmate vists.

105. Days after Plaintiff birthday Defendant L wilson was walking around in the S.M.U looking in inmate cells talking with them and released them inmates from comfinement.

106. Plaintiff immediately called out for Defendant L.wilson to approach his cell, and when Defendant L.wilson came to Plaintiff cell Plaintiff asked why He wasn't Released from confinement and placed Back in General population.

107. Defendant L. Wilson Responded and stated that hes not placing Plaintiff back in 3c1 unit.

108. Plaintiff asked Defendant L wilson why he couldnt be placed back in general population on 3c1 or another unit.

109. Defendant L. wilson then stated to Plaintiff that inmate Carr is still on the 3c1 unit and that Plaintiff and inmate carr have an keep separate order.

110. Then Plaintiff stated to Defendant L. wilson that it's not fair that Plaintiff did 30 days confinement and inmate carr didn't.

111. Defendant L. wilson then responded that it's not Plaintiff bussness about what he did with inmate carr. Then stated that Plaintiff will be in confinement untill He feels Plaintiff ready for general population.

112. The Defendant L wilson walked away to another inmate cell and started talking with them.

113. Days later Plaintiff filed an action Grievance complaint against Defendants A. Lawrence and L. wilson for keeping him in confinement with out reason to do so.

114. an week later Plaintiff was transfered to another Jail in confinement at Turner Guilford Knight correctional center in cell k 8107.

Then about an month and half Plaintiff asked Defendant Fernando Blanco why that Plaintiff still in confinement without any sanction to be in confinement.

116. Defendant Fernando Blanco then stated that their are having an custody status review and that he will look in to Plaintiff release status.

117. The following week at morning head count Plaintiff asked Defendant Fernando Blanco about being Placed in General Population.

118. Defendant Fernando Blanco stated to Plaintiff that inmate carr is still on 3C1 unit and that Plaintiff can't be on the same unit with inmate carr. and it's no were Plaintiff can Go in General Population.

119. Days later Plaintiff was being escorted to medical to receive his Diabetic medication.

120. as Plaintiff was walking down the Hall he seen officer Regan. that's an classification officer that Give inmates new locations.

121. Plaintiff stated to officer Regan that he stuck in confinement because Plaintiff have an keep separate from inmate carr on 3C1 max unit. and then Plaintiff Requested Ms Regan can she find an location in General Population. Ms Regan stated that she will look in to it.

122. Diabetic Plaintiff was being escorted down to medical for his Diabetic medication and Plaintiff seen officer Coney who also work in Classification department.

123. befor Plaintiff could say anything to her Ms Coney stated that she already know what Plaintiff wanted and that Ms Regan said to tell Plaintiff that he don't have keep separate in unit 3c1.

124. and then Ms Coney stated that they tried to give Plaintiff an location in General Population. But their Captain Defendant C. Bennet ordered them not to move Plaintiff.

125. Plaintiff asked Ms. Coney why and she stated that Defendant's A. Lawrence and L. Wilson don't want Plaintiff in their Jail at Metur west Detention center. and thats why the Defendant Fernando Blanco won't clear Plaintiff from confinement.

126. Then Plaintiff filed an action Grievance complaints against Fernan Blanco stating that He's being helded in confinement with out and hearing or notice of the reason why Plaintiff in confinement.

127. Plaintiff then waited and asked Fernando Blanco again about being released from confinement Fernando Blanco became angry and stated that its not up to him and that Defendants A Lawrence L wilson are the ones not letting Plaintiff go to General Population.

128. Then Plaintiff was transfered back to metro west Detention center on 5-11-2017 cell 149.

129. Plaintiff became Emotional Distress and was placed on an mental Health unit for his Pyhc issues. back at turner Guilford Knight correctional center in unit 2-3 cell 2303 Same day 5-11-2017 for 5 days

130. Then transfered back to metro west Detention center cell 148 on 5-16-2017.

131. 8 days later Plaintiff have another Emotional brake down and was transfered back to turner Guilford Knight correction on 5-24-2017 in cell 2403 unit 2-4.

132. Defendant C. Bennet who is the captain over classification that Give out locations. had moved Plaintiff TWO more time back and fourth then Plaintiff was held in confinement in medical Housing.

133. then Plaintiff was move back to SMU on 8-1 unit cell 8127. where Plaintiff remained Going to the New year of 2018.

134. and it should be notice and noted that the inmate carr that's Plaintiff KEEP Separate was transfered to S.MU at turner Guilford Knight correction cell 8107 and Plaintiff was still kepted in confinement Even when Plaintiff didn't have KEEP Separate any more at metro west Detention center.

135. Furthermore the Defendants L. Wilson, A Lawrence Jenney bailey, C. Bennet, J. mendez action while acting under color of state law for miami-Dade Correctional Department knowingly and willingly

136. Agreed on Plaintiff continuation of confinement and extended Plaintiff already lengthy sentence even further beyond the threshold.

137. That created an liberty interest that implicated due Process concerns. in which constituted procedural Due Process that must be afforded when an second interval of confinement.

138. That is aggregated with the first and exceed by an year duration that's deemed atypical.

139. and as those Defendants mention in sentence 135. above. knowing such restraint being confined imposes atypical and significant hardship on Plaintiff relation with ordinary incidents of county Jail Jail life.

# Exhibits and Exhaustion of administrative Remedies

140. initial Grievance complaint MW 17-01095 and the Grievance RESPONSE Exhibit "D" and filed an Grievance appeal and not response returned.

141. initial Disciplinary report Sanction Exhibit "B" and a Disciplinary appeal REQUEST Exhibit "C" 1 of 3

142. initial Grievance complaint TG 17-06005 Exhibit "E" and that Grievance was rejected an response why was unJustified and unreasonable being that Plaintiff was REQUESTING to be released from confinement that he been held over the sanction Plaintiff illegal Given. see Exhibit "F"

143. also The Plaintiff initial Grievance TG 17-06005 filed and counselor J. Jr Guerra received it from Plaintiff 6-9-2017 Exhibit "E" in which Plaintiff should receive an response in ten working day.

144. but instead Plaintiff was Given an Response 8-29-2017 Exhibit "F" To which was about 80 days later. and that's an 'Procedural Directive violation' of "DSOP" Policy

145. and as Plaintiff did file an Grievance then he received response Exhibit "D" and Plaintiff file an appeal against that response but Plaintiff never received appeal response. back.

146 and as the Grievance response didn't have anything to do with Plaintiff initial Grievance TG-17-06005 it showed Plaintiff was denied the Right to Grieve about why he was held in confinement without hearing. or notice.

## Statement claims for Relief

1 Defendant L.Wilson actions while acting under color
of State Law for miami dade correctional department
showed deliberate indifference by failing to protect
from know unknowledge that there were substantial Risk
Plaintiff would be Physically harm after Stated that
inmate carr threaten Plaintiff and that they had an
kept Separate order on file. and the fact Defendant
L wilson unreasonably disregarded an serious Excessive
risk to Plaintiff Safety. and as Defendant L wilson knowingly
and willingly deviated from the "Department standard
Operating Procedures." Policy and failed to move Plaintiff
or inmate carr apart and Separate Plaintiff and inmate
carr. and as Defendant L wilson also knew Plaintiff have
Physical Health issues. that's mandated for Physical
therapy treatment at Jackson memorial out Side Treatment
Clinic. and Defendant L wilson still disregarded Plaintiff
disabilities and kept Plaintiff in an General Population
knowing thats not an unit Plaintiff should have not
been. and as Defendant L wilson have the ability to
intervene and prevent unnecessary risk that caused
pain and injuries. But instead Defendant L wilson failed
to do So. and Defendant L wilson constituted deliberate
indifference to Plaintiff Safety. under the eighth amendment
to the united States Constitution and caused Plaintiff
MIKE E NEAL pain and Suffering Physical injuries emotional
Distress

2. Defendant A. Celeide actions while acting under Color of State Law for miami Dade Correctional Department showed deliberate indifference by failing to Protect Plaintiff from Known Knowledge that were Substantial Risk Plaintiff would be PHysicaly harm after Plaintiff stated that inmate carr threaten Plaintiff and that they had an KEEP separate order on File and the Fact Defendant A. celeide UNNECESSary disreGarded as serious EXCESSive Risk to Plaintiff Safety. and as Defendant A. Celeide knowingly and willingly deviated from the

"Department Standard operating Procedure" policy and Failed to move Plaintiff or inmate carr apart and separate Plaintiff and inmate carr. and as Defendant A. Celeide Knew Plaintiff had Physical Disabilities issues that's mandated for Physical threpay treatment at Jackson memorial out side treatment clinic and defendant A. Celeide still disreGarded Plaintiff Safety. and Failed to intervene and prevent Plaintiff From Physical injuries constituted an deliberate indifference to Plaintiff Safety under the Eighth amendment to the united states constitution and caused Plaintiff Mike E Neal Pain and suffering Physical injuries Emotional

3. DEFENDANT "A LAWRENCE" actions while acting under color of State Law for miami Dade correctional Department failed to Protect Plaintiff from Physical injuries and showed deliberate indifference by failing to Protect Plaintiff MIKE E NEAL from Known Knowledge that were Substantial Risk Plaintiff would be Physically harm after Plaintiff Stated that inmate carr threaten Plaintiff and the fact Plaintiff hadobvious Physical Disabilities and as the facility Captain Defendant A.Lawrence unreasonably disregarded an serious EXCESSIVE risk to Plaintiff safety. and as Defendant A Lawrence Knowingly and willingly deviated from the "Department Standard Operating Procedures" POLICY and failed to move Plaintiff or inmate carr apart and separate Plaintiff and inmate carr. and as Defendant A. Lawrence Knew Plaintiff was mandated for Physical therapy treatment at Jackson memorial out side treatment center but still Disregarded Plaintiff Disabilities and kept Plaintiff in an General Population unit where there isn't disability inmates belong. and as Defendant A.Lawrence had the ability to intervene and Prevent Plaintiff from unnecessary risk that were done and caused Pain and injuries But instead Defendant A.Lawrence failed to do so. constituted deliberate indifference under the eigth amendment to the united States Constitution and caused Plaintiff MIKE E NEAL Pain and Suffering Physical injuries and emotional Distress

4. Defendant C. Bennet actions while acting under color of state law for miami dade correctional department showed deliberate indifference by failing to protect Plaintiff MIKE E NEAL from known knowledge that were an substantial Risk for Plaintiff who has disabilities of Physical Health. and the fact it's obvious Plaintiff have disabilities. But instead the captain of classification unreasonably disregarded an serious excessive Risk to Plaintiff safety and as Defendant C. Bennet knowingly and willingly disregarded and deviated from the Department "standard operating procedures" Policy and failed to keep Plaintiff in an medical Housing unit as an disability inmate. and failed to keep Plaintiff and inmate carr separated. and as the captain of classification had the ability to intervene and prevent Plaintiff from unnecessary risk that were done and caused pain and injuries But instead Defendant C. Bennet failed to do so. constituted deliberate indifference under the eighth amendment to the united states constitution and caused Plaintiff MIKE E NEAL pain and suffering Physical injuries and emotional distress.

5. Defendant L wilson actions while acting under color of State law for miami Dade correctional Department Knowingly and willingly commited the illegal action of "Procedural Directive violation" of the "Department Standard Operating Procedures" Policy to miami Dade correctional Department. For Placing Plaintiff in Disciplinary confinement and Not the inmate care and as Defendant L wilson known such action is an discrimination against Plaintiff. and even after Plaintiff completed the 30 days disciplinary confinement. Defendant L. wilson kept Plaintiff in Disciplinary confinement over an year with out any notice or any review hearing of reason, and as Defendant L wilson is the facility Lieutenant Supervisor of metro west Detention center who have the Power and ability to remove Plaintiff from the hardship of Disciplinary confinement. but instead he failed to do so. and Deprived Plaintiff that Protected Rights and constantly made excuses to deprive Plaintiff of his equal Protection Rights consituted Due Process of law violation of the fourteen amendment to the united States constitution causing emotional Distress and injury. from the denial of Due Process in connection with Plaintiff being held over an year on disciplinary confinement in a county Jail

6. Defendant A Lawrence actions while acting under color of State law for miami Dade correctional Department Knowingly and willingly commited the illegal action of "Procedural Directive violation" of the "Department Standard operating Procedures" Policy to miami Dade correctional Department. for only allowing Plaintiff be Placed in Disciplinary confinement and Not the inmate carr too. and as Defendant A Lawrence known such action is an discrimination against Plaintiff. and even after Plaintiff completed the 30 days Disciplinary confinement. Defendant A Lawrence Kept Plaintiff in Disciplinary confinement over an year without any notice or any review hearing of reason. and as Defendant A Lawrence is the facility captain over metro west Detention center. who have the power of authority to remove Plaintiff from the hardship of Disciplinary confinement. but instead she failed to do so. and still deprived Plaintiff that Protected Rights and constantly turned an blind eye to Plaintiff equal Protection Rights Constituted Due Process of law violation of the fourteen amendment to the united states consitution causing emotinal injury Distress from the deinal of Due Process in connection with Plaintiff being held over an year on disciplinary confinement in a county Jail as an Pretrial Detainee

**7** Defendant C. Bennet actions while acting under color of State law for miami Dade correctional Department Knowingly and willingly commited the illegal action of "Procedural Directive Violation" of the "Department Standard operating Procedures" Policy to miami Dade Correctional Department. for the failed classification location of medical Housing needed unit for Plaintiff Disabilities. and as Defendant C Bennet known such action is an discrimination against Plaintiff any by refusing to found an location out of Disciplinary confinement. Defendant C.Bennet Kept Plaintiff in Disciplinary confine over an year without any notice or any classification review hearing of reason. and as Defendant C.Bennet is the facility captain over all of classification Department. who have the Power of authority to remove Plaintiff from the hardship of being in Disciplinary confinement over a year. but instead He failed to do so. and still continued to still derived Plaintiff his Equal Protection Rights constituted Due Process of the law violation of the fourteen amendment to the united states consitution causing emotional injuries and Distress from the deinal of Due Process in connection with Plaintiff being held over an year on disciplinary confinement in a county Jail as a Pretrial Detainee

8, DEFENDANT "JENNY Bailey" actions while acting under color of State law for miami Dade correctional Department Knowingly and willingly commited the illegal action of "procedural Directive violation" of the "Department Standard operating procedures" policy to miami Dade correctional Department kept plaintiff in confinement under her care almost an year and turned an blind eye to the unjust hardship that she allowed to be placed upon plaintiff, and knowing there isn't a reason to hold plaintiff in confinement and as an captain over Turner Guilford Knight correctional center, Defendant Jenny bailey have the power and authority to remove plaintiff from the hardship of being in Disciplinary confinement but instead she failed to do so and still continued to still deprive plaintiff his equal protection rights constituted Due process of law violation of the fourteen amendant to the united states constitution causing emotional injury and Distree from the violation of Due process in connection with plaintiff being held over an 8 month out of the year on disciplinary confinement in a county Jail as an pretrial Detainee

9.

Defendant J. Mendez actions while acting under color of state law for Miami Dade Correctional Department knowingly and willingly commited the illegal action of "Procedural Directive Violation" of the "Department Standard operating procedures" policy to "Miami Dade Correctional Department". refused to release Plaintiff from disciplinary confinement under he's care almost an years and constantly turned an blind eye to the constantly unjust hardship that kepted Plaintiff in confinement without an notice or any review hearing of an reason to keep Plaintiff confined. and as Defendant J. Mendez is the facility Lieutenant supervisor who has the power and authority to remove Plaintiff from such hardship being confined. but instead Defendant J. Mendez failed to do so. and still continued to still deprive Plaintiff his equal protection rights constituted due process of law violation of the fourteth amendment to the united states constitution causing emotional injury and distress from the violation of due process in connection with Plaintiff being held over an 8 month out of the year on disciplinary confinement in a county jail as an pretrial detainee

40. Defendant C. Jr Tolliver actions while acting under color of state law for miami Dade correctional Department knowingly and willingly commited the action of "Procedural Directive violation" of the "Department Standard Operating Procedures" Policy to "miami Dade correctional Department" refused to give Plaintiff an hearing and Defendant C Jr tolliver utilized fraudulent practice on the Disciplinary report in Exhibit "B" and stated that Plaintiff waivered his Right to be Present at an Hearing. and also lied and stated Plaintiff wasn't Placed in confinement Pending hearing. C Jr tolliver never approach Plaintiff cell with staff members LAGUERRE .m and maury.M. and he lied and stated Plaintiff didn't Request evidence Knowing Plaintiff do in an Grivance and incident statement. Defendant C Jr tolliver deprived Plaintiff any fair Chance of an Disciplinary hearing and denied Plaintiff his Equal Protection Rights constituted Due Process of law violation to the fourteen amendment to the united States constitution causing emotional injury and Distress from the violation of Due Process in connection with Plaintiff being denied a fair hearing.

11. Defendant E. Cobarco actions while acting under color of state law for Miami Dade Correctional Department knowingly and willingly commited the action of "Procedural Directive Violation" Policy to "Miami Dade Correctional Department" refused to give Plaintiff an hearing with evidence that was requested she allowed C Jr tolliver to conduct a hearing with Fraudulend Documents. Defendant E. Cobarco disregarded Plaintiff Disciplinary appeal and the action Grievance complaints Plaintiff filed. and up held falsified statement and failed to conduct an full investication on all matters Plaintiff stated in appeals and Grievance Defendant E Cobarco is the supervisor of the "Reentry Program Services Bureau" and had the power of authority to conduct an investigate Plaintiff facts but instead Defendant E Cobarco deprived Plaintiff that Equal Protection Right of the law constituted Due Process of law Violation to the fourteen amendment to the united States constitution causing Emotional injuries and Distress from the violation of Due Process in connection with Plaintiff being denied a fair hearing.

## RELIEF REQUESTED

Wherefore, Plaintiff Respectfully Requesting and Prays that this court Enter Judgment:

Granting Plaintiff MIKE E NEAL an Declaration that the acts and Omissions Described herein violated his Rights under the constitution laws of the united states. and now to

Granting Plaintiff MIKE E. NEAL compensatoy damages in the amount of $250,000 against each Defendant Jointly and severally. and

Granting Plaintiff MIKE E. NEAL Punitive damages in the amount of $500,000 Plaintiff MIKE E NEAL SEEKS these damages against each Defendant Jointly and severally.

Plaintiff MIKE E. NEAL also SEEKS recovery of their cost in this suit. and

any additional relief this court deems is Just, Proper and Equitable.

Respectfully submitted

By  Mike E Neal

#150-133-695

MIKE E NEAL

# VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true. I certify under penalty of perjury that the foregoing is true and correct.

Executed on this __12__ day of __31__ 2017.

Respectfully submitted

/s/ __Mike E. Neal²__

MIKE E. NEAL² Plaintiff

## Notary oath

State of FLORIDA
County of Miami-Dade

Before me the undersigned authority this day personally appeared inmate mike E neal², who first being duly sworn says that he is the Plaintiff in this complaint; that he has read the foregoing complaint and has personal knowledge of the facts and matters are true and correct.

/s/ __Mike E Neal²__
Signature of Plaintiff

sworn to and subscribed to before me on this _____ day of ____ 2017

_____
Notary Public
My commission expires _____