# United States District Court
## Southern District of Florida

**FILED by PG D.C.**
**FEB 27 2018**
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. - MIAMI

## Mike E. Neal
Plaintiff

vs.

## L. Wilson , J. Mendez
## , Celeide , C. Bennet
## E. Cobarco
## C. Jr Tolliver
## Jenny Bailey
## A. Lawrence
Defendants is sued in
their individual capacity

Civil case no: 1:18-cv-20374
Requested: Jury trial

## Amended complaint

### Plaintiff Information:

1. Name of plaintiff: Mike E. Neal
   Inmate number: 150-133-695
   Place of confinement: Turner Guilford Knight
   correctional center
   mailing address: 7000 N.W. st street miami
   Florida 33166

### Defendants Information:

2. Name of Defendant: L. Wilson
   Official position: correctional Lieutenant
   Employed at: Metr West Detention Center
   13850 N.W. st 41 street miami florida 33178

3. Name of Defendant: A. Lawrence
   Official Position: Correctional Captain
   Employed at: Metro West Detention Center
   Mailing address: 13850 N.W 41st street Miami Florida 33178

4. Name of Defendant: B. Celeide
   Official Position: Correctional Officer
   Employed at: Metro West Detention Center
   Mailing address: 13850 N.W 41st street Miami Florida 33178

5. Name of Defendant: C. Bennet
   Official Position: Correctional Captain
   Employed at: Turner Guilford Knight Correctional center
   Mailing address: 7000 N.W 41st street Miami Florida 33166

6. Name of Defendant: Jenny Bailey
   Official Position: Correctional Captain
   Employed at: Turner Guilford Knight Correctional center
   Mailing address: 7000 N.W 41st street Miami Florida 33166

7. Name of Defendant: J. Mendez
   Official Position: Correctional Lieutenant
   Mailing address: 7000 N.W 41st street Miami Florida 33166
   Employed at: Turner Guilford Knight Correctional center

8. Name of Defendant: E. Cobarco
   Official Position: Correctional Counselor
   Mailing address: 13850 N.W 41st street Miami Florida 33178
   Employed at: Metro West Detention Center

9. Name of Defendant: C. Jr Tolliver
   Official Position: Correctional Counselor
   Employed at: Metro West Detention Center
   Mailing address: 13850 N.W 41st street Miami Florida 33178

10. all the Defendants have acted and continued to act under color of state law. and at all times they are relevant to this claim. and each Defendant is sued in their individual capacity under color of state law.

11. Plaintiff claim had arose at Turner Guilford Knight correctional center on 6-26-2017 unit 8-1 cell 8128 between 10: Am and 1:00 Pm

12. Plaintiff Mike E. Neal is bringing this suit against local officials of Miami-Dade county correctional officers and staffs.

13. Plaintiff Mike E. Neal is on Pretrial detainee.

14. Plaintiff has no previous lawsuits and no case were dismissed based on the three strike rule.

15. Come's now: Plaintiff as he stated all the actual facts to the best of his knowledge. and under stooded true as stated and upon information Plaintiff received and believe on good faith that information is true.

## Statements of Facts

16. On 1-12-2017 Defendants captain A. Lawrence and Lieutenant L. Wilson came to unit 3c1 on Plaintiff housing unit. talking with inmates.

17. Plaintiff then started walking toward Defendant A. Lawrence to complain about an inmate carr that were seperated from Plaintiff for an attempted bodily harm on Plaintiff.

18. and as Plaintiff approached Defendant A. Lawrence the inmate Carr approach as what.

19. Defendant A. Lawrence asked what's the problem and Plaintiff stated that inmate Carr were already seperated periously for attempting to assault him with inmate baily.

20 Then inmate Carr stated to Defendant A. Lawrence that he don't like Plaintiff.

21. Plaintiff responded and state to Defendant A. Lawrence that his afraid of his safety around inmate Carr and can't defend his self.

22 and Plaintiff requested for Defendant A. Lawrence to be moved back to the medical unit 2A3 were Plaintiff can receive treatment.

23. and the fact that Plaintiff explained to Defendant A. Lawrence that inmate Carr threaten to cause bodily harm many times and Plaintiff fear of being hurt worst than he is.

24. Defendant A. Lawrence ignored Plaintiff seriousness of Plaintiff request to be safe from harm.

25 as Defendant A. Lawrence only stated to inmate Carr that he better not bother Plaintiff.

26. but the inmate Carr was smiling and lying staten he wouldn't bother Plaintiff.

27. Plaintiff immediately stated to Defendant A. Lawrence that he's not safe on 3C1 General population and Requested to be moved.

28. But Defendant A. Lawrence responded and stated to Plaintiff that no one will bother Plaintiff and ordered Plaintiff to go lay down and rest his nerves.

29. but instead Plaintiff walk to the other side of the unit and approached the lieutenant Defendant L. Wilson and asked to be moved back to medical needed unit.

30. Defendant L. Wilson then stated that he's not moving back to the medical Housing unit and that nobody will bother Plaintiff.

31. and then Defendant L. Wilson threaten to Place Plaintiff in Segregation confinement if Plaintiff get in to any trouble and wouldn't let Plaintiff out of confinement.

32. Then the next day after Plaintiff court appearance and walked in the unit and gave Defendant B. Celeide his Jail card.

33. Then Plaintiff were sitting on his bunk when inmate Carr started harassing Plaintiff stating Plaintiff were an snitch and threaten Plaintiff.

34. Defendant B. Celeide came to Plaintiff bunk and complaint that inmate Carr keep threaten him trying to keep provoking an fight.

35. But Defendant B. Celeide didn't take action to move Plaintiff or Carr and Just talk with Carr that didn't resolved Plaintiff safety issue.

36. Plaintiff went to the restroom and on Plaintiff way out the inmate cut Plaintiff Path off and stopped Plaintiff and stated if Plaintiff snitch again that Plaintiff Get FUCKED-up

37. Plaintiff immediately went to Defendant B. Celeide and complaint but Defendant B. celeide ignore Plaintiff as it wasn't improtant to resolve the known threats.

38. Then the inmate carr ran up from behind Plaintiff and striked Plaintiff in the back of his head knocking Plaintiff forward on the Defendant B. celeide desk.

39. and as Plaintiff were trying to defend his self while Defendant B. celeide just stood there untill Plaintiff and carr were out of Breath then broke up the fight.

40. Plaintiff then walked to his bunk in excruciating pain and set down.

41. Then Defendant B. celeide called for officer assistance. after Plaintiff were already hurt from an attack Defendant B. celeide didn't prevent.

42. Plaintiff were escorted to the medical clinic for his cuts and bruses.

43. and "upon information Plaintiff received and believe it on good faith to be true.

44. That Defendant B. Celeide only wrote an Disciplinary report against Plaintiff and not against Carr.

## Denial of Due Process

45. and then Plaintiff were placed in punitives segregation confinement.

46. and the next day 1-14-2017 after 24 hours Plaintiff wasn't given an 24 hour notification form. that is the Departments Standard, Operating, Procedure, Policy of Miami-Dade correctional Department.

47. Plaintiff requested for Defendant L. Wilson to review the video camera's on the Unit 3C1. But Defendant L. Wilson refused Plaintiff request for evidence.

48. Plaintiff filed an action Grievance complaint SEE Exhibit "A"

49. Then on 1-19-2017 Defendant C. Jr Tolliver came to Plaintiff cell door 148 to conduct an allege major rule violation.

50. Defendant C. Jr Tolliver wanted Plaintiff to sign some forms with out any knowledge of them, Plaintiff than requested for Defendant C. Jr Tolliver to read and explain the form befor Plaintiff sign.

51. Defendant C. Jr tolliver had refused to explain the Process procedure, and beame angry and closed Plaintiff Door Flap and walked away.

52. Plaintiff immediately called out to Defendant C. Jr tolliver for an postponement, to obtain evidence and assistance for the disciplinary Hearing.

53. But Defendant C. Jr tolliver ignored Plaintiff request and kept walking away depriving Plaintiff his Right to an fair Hearing.

54. and it should noted and notice that Plaintiff have Filed an couple of Periously action Grievance complaints against Defendant C. Jr tolliver misused conducts.

55. and upon information Plaintiff received in Good Faith and believe to be ture. That Defendant C. Jr Tolliver has many action Grievances complaints failed against him.

56. because of his aggressive conducts towards inmates and officials and he also had to be transfered to different units and Detention Centers.

57. and as Defendant C. Jr tolliver did have an hearing without Plaintiff and didn't follow Policy to give Plaintiff an chance to present his evidence.

58. and as Defendant C. Jr tolliver in Procedureal Directive violation to not give Plaintiff the results the some day so that Plaintiff could file an appeal to the decision. in two day time frame.

59. Plaintiff than received the Descidinary appeal 1-27-2017 and filed to Defendant E. Cobarco who is the supervisor that turned an blind-eye to Plaintiff request of far hearing befor Punishment

66. and never investigate the due process violation. see Exhibits "C"

67. and after Plaintiff served the illegal 30 day sanction. Plaintiff spoke with Defendant L. wilson who stated that Plaintiff never will be release from Punitive confinement.

68. Plaintiff filed an action Grievance complaint against Defendant L. wilson and he had Plaintiff transfered to another Jail for exercising his Protected Right to Grieve.

69. and as Plaintiff were transfered multiple times back and fourth between Turner Guilford knight and metro west Detention center for Grieving about being held in Punitive Segregation confinement with out notice or an hearing befor forced in Punitive confinement.

70. and as both captain Defendants Jenny Bailey and A. Lawrence turned An blind-Eye to known violation of keeping Plaintiff in Punitive confinement without notice or hearing and ignored Plaintiff requestes for answers.

71. and as captain Defendant C. Bennet is head of classification for location Placements for Plaintiff and inmates in miami-Dade correctional county Jails.

72. and upon "information Plaintiff received from classification Staff on Good faith" that Plaintiff believe to be true.

73. that Defendant C. Bennet were in an conspiracy agreedment to keep Plaintiff in Punitive confinement with Defendant A. Lawrence and Jenny bailey.

74. in which the three Defendants C. Bennet A. Lawrence and Jenny bailey control the County Jail correctional Dreartments.

75. and still today Plaintiff remain in Punitive confinement without Provocation and without notice or hearing. THat is a year later from 1-13-2017 Pass 2-20-2018.

## Statement claims for Relief

1. Defendant L. wilson actions while acting under color of State law for miami-Dade correctional Department failed to Protect Plaintiff from being attacked by an inmate.

That Defendant L. wilson Knew Plaintiff repeatedly complaint he was being threaten and had previously Problem with inmate carr.

But Defendant L. wilson unreasonably disregarded and knowing that it were substantial risk Plaintiff would be seriously harmed.

and as Defendant L. wilson knowingly and willingly deviated from the Department, standard, operating Procedures" Policies of miam-Dade correctional Department;

and failed to move Plaintiff or carr in different location to Prevent the Stated harm that Plaintiff mention to Defendant L. wilson

and as Defendant L. wilson had the ability to intervene when Plaintiff requested and prevent bodily harm to Plaintiff But he failed to do so.

Constituted deliberate indifference to Plaintiff Safety from Physical harm. is an violation under the Eighth amendment to the United State constitution and caused Plaintiff Pain suffering, Physical injuries and Emotional distress

2. Defendant A. Lawrence actions while acting under color of State Law for Miami-Dade correctional Department Failed to Protect Plaintiff from being attacked by an inmate.

That Defendant A. Lawrence Knew Plaintiff repeatedly complaint he were being threaten and had Previously Problem with the inmate carr.

But Defendant A. Lawrence unreasonably disregarded Knowing that it were substantial risk Plaintiff would be seriously harmed.

and as Defendant A. Lawrence Knowingly and willingly deviated from the "Department, Standard, Operating, Procedures" Polices of Miami-Dade correctional Department.

And Failed to move Plaintiff or carr to an different location to Prevent the stated harm that Plaintiff mention to Defendant A. Lawrence

and as Defendant A. Lawrence had the ability to intervene when Plaintiff requested and Prevent bodily harm to Plaintiff But she failed to do so as the Captain of the Facility,

constituted deliberate indifference to Plaintiff safety from physical harm. is an violation under the Eighth Amendment to the united States Constitution and caused Plaintiff Pain and suffering Physical injuries and emotional distress

**3.** Defendant B. Celeide actions while acting under color of State Law for miami - Dade correctional Department Failed to Protect Plaintiff from being attacked by an inmate

That Defendant B. Celeide knew Plaintiff repeatedly complaint he were being threaten and had Previously Promblem with the inmate carr.

But Defendant B. Celeide unreasonably disregarded Knowing that it were **sub**stantial Risk Pliantiff would be seriously harmed.

and as Defendant B. Celeide Knowingly and willingly deviated from the "Department Standard operating Procedures" Polices of miami - Dade correctional Department.

Failed to move Plaintiff or carr to an different location to Prevent the Stated harm that Plaintiff mention to Defendant B. Celeide.

and as Defendant B. Celeide had the ability to intervene when Plaintiff requested and Prevent bodily harm to Plaintiff. But he Failed to do so as the unit officer

constituted deliberate indifference to Plaintiff Safety from Physical harm, is an violation under the Eighth amendment to the United States Constitution and caused Plaintiff Pain and Suffering, Physical injuries and Emotional distress.

**4.** Defendant C. Bennet actions while acting under color of State law for miami-Dade correctional Department failed to protect Plaintiff from bodily harm.

as Defendant C. Bennet knew Plaintiff were Placed on unit 3A3 medical unit for he's physical disability. But Defendant C. Bennet who is the captain of classifing location for all inmates like Plaintiff disregarded Plaintiff safety Rights and had devaiated from the "Department, standard Operating, Procedure; Polices to miami-Dade correctional Department.

and ordered an official to contack the medical clinic and Requested an correctional Doctor to clear Plaintiff from 3A3 medical unit for the Purpose to maliciously move Plaintiff out of medical needed Housing unit with Known condition significantly affected Plaintiff daily activites and suffered with chronic and serious Pain.

and as Defendant C. Bennet deliberately interfered with set treatment that Doctor had already diagnosed Plaintiff and mandating treatment that's obvious an lay Person would easily recognize constituted deliberate indifference to Plaintiff serious medical needs and safety. in violation under the Eighth amendment to the united states constitution and caused Plaintiff Pain suffering Physical injuries and emotional distress.

5. Defendant L. Wilson actions while acting undercolor of State law for miami - DaDE correctional Department commited an Known "Procedural Directive violation" to the "Department, standard, OPERATING, Procedures" POLICES to miami - DaDE correctional Department.

Failed to up hold that policie and willingly and Knowingly deviated and discriminated against Plaintiff and had Placed Plaintiff in confinement and not the inmate carr who initiated the fight.

and as Defendant L. Wilson concur with the recommendation to sanction Plaintiff to 30days Punitive confinement without Plaintiff receiving 24 hour Notication form befor an hearing.

and deprive Plaintiff the right to call witnesses, or be present to the hearing, assistance in Preparing befor the hearing, an Fair and impartial decision - maker in the hearing. and a written statement of reasons for being Found Guilty by his self and not inmate carr.

and after Plaintiff have finished the illegal 30days Sanction. Defendant L. Wilson refused to release Plaintiff out of Such Punitive confinement, than deprived Plaintiff of his Procedural Protected Rights by Placing Plaintiff on administrative segregation without any hearing or Notice and after Plaintiff Filed Grievance Plaintiff were involuntary transfer to an different Jail segregation constituted due Process violation under fourteen amendment to the united States constitution.

6. Defendant A. Lawrence actions while acting under color of state law for miami-Dade correctional Department commited an known "Procedural Directive violation" to the "Department, Standard, operating, Procedures, polices to miami-Dade correctional Department.

failed to uphold that polices and willingly and knowingly deviated and discriminated against Plaintiff and had Placed Plaintiff in confinement and not the inmate carr who initiated the fight

and as Defendant A. Lawrence is the captain who turned an blind-eye to the illegal 30 day sanction of Punitive confinement without Plaintiff receiving 24 hour notication form befor an hearing.

and knowingly deprive the right to call witnesses or be present to the hearing, assistance in preparing befor the hearing, an fair and impartial decision -maker in the hearing and a written statement of reason for being found guilty by his self and not inmate carr.

and after Plaintiff had finished the illegal 30 days sanction Defendant A. Lawrence refused to release Plaintiff out of harsh Punitive confinement, than had deprived Plaintiff of his Protected Procedural rights by Placing Plaintiff on administrative segregation without any hearing or notice and after Plaintiff filed Grievance Plaintiff were involuntary transfered to an differnt Jail segregation. constituted due Process violation under fourteen amendment to the united states constitution

7. Defendant Jenny Bailey actions while acting under color of state law for miami-Dade correctional Department knowingly and willingly commited an known "Departments, standard, operating, procedure" Directive violation Polices to miami-Dade correctional Department and failed to up hold that policy and deviated and discriminated against Plaintiff and had Placed Plaintiff in Punitive Segregation without hearings or notice and as Defendant Jenny Bailey is the Captain of turner Guilford Knight correction Center who have the Power and authority to remove Plaintiff from the hardship of being in Punitive Segregation but failed to do so maliciously. and still continued to deprive Plaintiff his equal Protection Rights constituted Due Process of law in violation of the Fourteeth amendant to the united states constitution causing Emotional inJury and Distress from being held over 9 months in Punitive Segregation.

8. Defendant C. Jr Tolliver actions while acting under color of State law for miami-Dade correctional Department knowingly and willingly commited the act of "Procedural Directive violation" of the "Department, standard, operating Procedures" Policy to "miami-Dade correctional Department" refused to Give Plintiff an hearing and Defendant C. Jr Tolliver utilized fraudulent Practice on the Disciplinary report in Exhibit "B" and Stated that Plaintiff waivered his Right to be Present at an Hearing. and also lied and Stated Plaintiff wasn't Placed in confinement Pending hearing. and Defendant C. Jr Tolliver never approch Plaintiff cell with an hearing committee. and lied that Plaintiff did not Request Evidence for the hearing and deprived Plaintiff his Equal Protection of law constituted Due Process of law in violation to the Fourtheeh amendment to the United States constitution causing emotional Distress from the violation of Due Process in connection with Plaintiff being denied a hearing be for found Guilty and Placed in Punitive confinement.

9. Defendant E. Cobarco actions while acting under color of state law for miami-Dade correctional Department Department knowingly and willingly commited the action of "procedural directive violation" policy to "miami-Dade correctional department" refused to give plaintiff an hearing with REQUESTED EVIDENCE allowed Defendant C. Jr tollives to conduct a hearing with fraudulent documents, and Defendant E. cobarco disregarded plaintiff disciplinary appeal and plaintiff action grievance complaints plaintiff filed. and upheld falsified statement and failed to conduct an full invesion on all matters plaintiff stated in the disciplinary appeals Defendant E. cobarco is the supervisor of the "REENTRY, program, SERVICES, BUREAU" and had the power of authority to conduct an investigation plaintiff facts but instead deprived plaintiff that EQUAL protection RIGHTS of the law constituted DUE PROCESS of law violation to the fourteen amendment to the united States constitution causing emotional injuries distress for violation of DUE Process in connection with plaintiff being deprived an fair hearing.

10. Defendant C. Bennet actions while acting under color of state law for miami-Dade correctional Department. knowingly and willingly commited the illegal action of "procedural Directive violation" Policy to miami-Dade correctional Department for the refusal to Place Plaintiff in an medical needed Housing unit knowing Plaintiff have Physical disabilities. and kept Plaintiff in Punitive Segregation over an year without any notice or classification reviewing hearing of reason and as Defendat C. Bennet is captain overall classification Department who have Power of authority to remove plaintiff from the hardship of being in Punitive segregation over an year but still continued to deprived his equal Protection Rights constituted Due Process of the law violation of the fourteen amendment to the United states consitution causing emotional Distress injurie from the denial of Due Process in connection with Plaintiff being held over an year on disciplinary confinement in an county Jail as a Pretrial Detainee.

11. Defendant J. Mendez actions while acting under color of state law for miami-dade correctional Department knowingly and willingly commited the action of "Procedural Directive violation" of the "miami-dade correctional Department" refused to release Plaintiff from disciplinary confinement under his care almost an year and constantly turn an blind-eye to the constantly unjust hardship to keep Plaintiff in Punitive segregation without notice or hearing of reason and as Defendant J. Mendez is the facility Lieutenant supervisor who has the power and authority to remove Plaintiff but failed to do so. and still continued to deprive Plaintiff equal Protection Right of the law constituted Due Process in violation of the fousteen Amendment to the united states constitution causing emotional Distress and injurie.

Exhibit A



# MIAMI-DADE CORRECTIONS AND REHABILITATION DEPARTMENT



### Inmate Grievance

| | |
|---|---|
| INMATE NAME: *Mark Elbert Neal* | CONTROL NUMBER: MW 17-01095 |
| JAIL NUMBER: *150 190 695* UNIT/CELL NUMBER: *M.S.U* | DATE: 1-14-2017 |

The inmate must complete and submit this form to a staff member within 10 workdays of when incident occurred. If an incident/situation affects more than one inmate, each inmate must personally submit a separate complaint/grievance. Also, if an inmate has more than one complaint/grievance, 'each complaint/grievance must be submitted on a separate Inmate Grievance form. You must state what or who is the subject of your grievance, related dates and places, and what effect the situation, problem, or person is causing. State the title of any policy or standard that may be the subject of your grievance, if applicable. Attach copies of all forms (if applicable) used in an attempt to resolve your complaint.

If a specific staff member is the subject of your grievance, ensure to submit this form to a different staff member WHO IS NOT the subject of your grievance.

**PART I - PROVIDE SPECIFIC DETAILS OF YOUR GRIEVANCE:**

I was Assaulted by a inmate on 1-12-2017 11:20 p.m. he punch me in the back of my head! I self-Defend my self with the stand your ground law 776.31, I wrote statement saying I want to press charges! The video shall be place for evidents! my 14th amendment have been violate of equal protection and Discrimination by being place in confinement. The Guy who Assaulted me

**PART II - WHAT STEPS HAVE YOU TAKEN TO SOLVE THE GRIEVANCE?** is back on the unit.

no Sirgeant or Lt wanted to talk to me.

**PART III - WHAT REMEDY/ACTION(S) ARE YOU REQUESTING?**

I want to press charges! my neck hurt bad!!
I want the video for evidents.
I Request to speak to I.A.

I affirm that all statements I have made are true and correct.

_Mark E Neal_
Inmate Signature

1-14-2017
Date

**PART IV - GRIEVANCE RECEIVED BY:**

MATHEWS
Staff Member Name (Print)

_signature_
Signature

1/18/19
Date

**PART V - GRIEVANCE RETURNED TO INMATE FOR THE FOLLOWING REASONS:**

☐ INCOMPLETE   ☐ ONLY 1 COMPLAINT/1 NAME PER FORM   ☐ REJECTED (OFFENSIVE OR FRIVOLOUS)

Note: Inmate may resubmit the request to MDCR staff on a new Inmate Grievance form within 2 workdays.

My signature below affirms that I have been informed this grievance form is returned unprocessed for the reason(s) indicated above.

_____
Inmate Signature

_____
Date

Distribution:   White Copy - RPSB File   Yellow Copy - Facility/Bureau Supervisor/IMP Manager or Designee   Pink Copy - Inmate

39.82.PPB.146A                                    Page 1 of 2                                    R10-01



## MIAMI-DADE CORRECTIONS AND REHABILITATION DEPARTMENT
## INMATE DISCIPLINARY REPORT
### Disciplinary Report

*Exhibit "B"*

**I**    Disciplinary Report: MW17-01190      Date: 1/13/2017

Inmate Name: MIKE NEAL      Jail Number: 150133695

Facility: METRO WEST DETENTION CENTER      Cell/Loc: M3C1

**II**    **CHARGE:**   Category II

Rule Violation: 2.8 Fighting

Date of Incident: 01/13/2017      MDCR Incident Report: M17000445A

Statements of Facts: I OBSERVED INMATE NEAL AND INMATE CARR FIGHTING IN THE UNIT. I GAVE THEM BOTH A VERBAL COMMAND TO STOP FIGHTING THEY COMPLIED

Reporting Officer: CELEIDE B (304942)

**DELIVERY OF CHARGE:**

Date/Time Charge Delivered: 1/13/2017 12:00:00 AM      Date Time Scheduled Hearing: 1/24/2017 12:00:00 AM

Officer/Employee delivering and providing explanation of charge: SMITH LACOUNT L (216677)

**III**   **INMATE WAIVER OF 24 HOUR NOTICE:**

Inmate Waiver of 24 Hours Notice: No      Signature Date: 1/13/2017

Inmate Signed?: No      Witnessing Employee: CELEIDE B (304942)

**IV**   **REPORT OF INVESTIGATION:**

Was Inmate Placed in Administrative Confinement Pending Outcome of Investigation?: No

Report of Investigation Summary: I OBSERVED INMATE NEAL AND INMATE CARR FIGHTING IN THE UNIT. I GAVE THEM BOTH A VERBAL COMMAND TO STOP FIGHTING THEY COMPLIED

Investigating Officer/Employee: SMITH LACOUNT L (216677)      Date: 1/13/2017

**V**    **MENTAL HEALTH PROFESSIONAL CLEARANCE TO PROCEED:**    Yes      Name: CLAYTON, S.

**VI**   **FACILITY SUPERVISOR CLEARANCE TO PROCEED:**    Yes      Name: WILSON, L

**VII**   **HEARING OFFICER OR DISCIPLINARY HEARING COMMITTEE:**

Hearing Officer/Committee:   LAGUERRE M (202666), TOLLIVER JR C (21551), MAURY M (304950),

Actual Date/Time of Hearing: 1/19/2017      Does Inmate Waiver Right to be Present al Hearing?: Yes

Does Inmate Request Staff Assistance?: No      Staff Member Name:

Rescheduled Hearing Date/Time:      Inmate Plea to Above Charge: Not Guilty

**VIII**   Summary of Inmate Statement: Inmate stated that he was not participating with the hearing because he was not informed that he was being written up.

**IX**   Inmate Witness(es) Called?: No      Inmate Witness(es) Jail #:

Inmate request for witness(es) denied?: No      Inmate request for evidence denied?: No

Summary of Inmate Witness(es) Statement:

**X**    Staff Witness(es) Called?: No      Staff Name(s):

Summary of Staff Witness(es) Statement:

Confidential Information Considered and not Provided to Inmate?: No

**XI**   **FINDING OF DISCIPLINARY HEARING:**      Guilty

Specific Evidence Relied Upon to Support Findings: Based on officer Celeide statement that he observed the inmates fighting.

Sanctions/Actions Taken: Disciplinary confinement of up to 30 days -> 30 Days

**XII**   **CONCUR WITH RECOMMENDATION(S):**      Yes

Facility supervisor recommendations :

Facility Supervisor: WILSON, L

---

**Inmate Signature: MIKE NEAL**          **Date:**

---

**Presenting Employee Signature**          **Date:**

---

**Witnessing Employee (Print)**      **Witness Signature**      **Date:**
(Witness of Refusal/Unable to Sign)

*Exhibit C 1 of 3* *All comander*
*1 of 3*

# MIAMI-DADE CORRECTIONS AND REHABILITATION DEPARTMENT

## Inmate Disciplinary Appeal Request

Date: **1-27 2017**

Inmate Name: **Mih. E. Neal**     Disciplinary Report #: **M17000445A**

Jail #: **150-133-695**     Hearing Date: **1-19-2017**

Facility Unit/Cell #: **SMU**     Rule Violation: _____

Sanction: **30 day**

### I AM APPEALING THE DISCIPLINARY COMMITTEE'S DECISION FOR THE FOLLOWING REASON(S):

☐ **HEARING PROCESS** - The required disciplinary procedures were not followed.

Procedural Due Process for mr Toliver not to Read the charge To me, also took at the video, I should be allow to have fair hearing. see the attach paper of this continue.

☐ **HEARING FINDINGS (GUILTY DECISION)** - There was no evidence or documentation to support the decision.

I Request for the video for evidence showing carr assaulted me from behind, no one said any thing about the video from my evidence.

☐ **PENALTY IMPOSED** - The sanction is excessive.

this sanction is a violation of my right to self-defend my self against harm. The officer wasn't at his deck to protect me. the incident happen in front of the officer Deck on video camera so How I get punish for sself defense.

*Mih. Neal*     carr is in G-p and not doing 30 days

Inmate Signature     **1-27-2017**
Date

RECEIVED BY: **Mathews**

Staff Name/Badge No.     Signature     **1-30-17**
Date

---

**INMATE DISCIPLINARY COORDINATOR / DESIGNEE RESPONSE**

Is there substantial compliance with applicable disciplinary procedures?   ☑ Yes ☐ No

Was there sufficient evidence and documentation to support the findings?   ☑ Yes ☐ No

Is the sanction imposed proportionate to the rule violation?   ☑ Yes ☐ No

**DECISION:**

☑ **AFFIRM.** I uphold the decision of the Hearing Officer/Disciplinary Committee and the sanction imposed.

☐ **DISMISSED.** I disagree with the application of disciplinary procedures thus dismiss the findings.

☐ **MODIFY.** I uphold the decision of the Hearing Officer/Disciplinary Committee, but the sanction shall be:

☐ Reduced to: _____

☐ Suspended for: _____

*Elizabeth Cobina*

RPSB Inmate Disciplinary Coordinator     Signature     **1/31/2017**
Date

---

**THE INMATE DISCIPLINARY COORDINATOR DECISION CONCERNING THIS APPEAL IS FINAL.**

PRESENTED BY: _____

Staff Name/Badge No.     Signature     Date

Inmate Signature     Date

39.82.PPB.351     New 11-14-16

Exhibit C 2 of 3

Att: Comander

2 of 3

I Am Appealing the Disciplinary committee's Decision for the following

1) I was not given 24 hour notice befor hearing. I was seeking to use video and witness evidence at the hearing. The committee neglect that Right of fair hearings.

2. Day of the hearing mr. Toliver came to my cell in s-m-u. Then stated to m you know what time it is! you Have a D.R and ask me to sign the paper. I ask mr. Toliver whats my charges He got mad and walk off stating I Refuse. I called t to come back He Kept going! Toliver violated the proper procedure of Reading the charges to me. Toliver lied stating in Disciplinary Report saying I waive my Right to be Present at the Hearing. Report also stated I was not place in confinement when I was place in confinement Day of incident.

3. furthermore Day befor incident, I was talking captain L. on the unit about the issues with CARR. She stated to me don't worry about carr. and order m to go lay down and Rest my nerves. I also ask for help of the supervisor WILSON, L He also stated don't worry about carr and then stated if I get in trouble He will place me in confinement and never get out. But CARR did assaulted me next day, I was placed in confinement and CARR was not. That's Discrimination and bia

4. moreso its Bias and pre Judice for the Administration to deprive me my Request of evidance on video! The Right to press charges which I Requested on the incident Report and orally! deprive my Right to defend my self from harm whe no officer is there to defend me from harms way! it's also unJust and unconstitutional to place me in confinement and let CARR stay on the unit with all his Privileges CARR assaulted me from behind and hurt me! By the state of florida it's the law of 776.012 to use or threatened use of force indefense of self peron, also apply to prison and county Jails institution.

Exhibit C 3of3

3 of 3

West's F.S.A. § 776.012

## 776.012. Use or threatened use of force in defense of person

Currentness

(1) A person is justified in using or threatening to use force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against the other's imminent use of unlawful force. A person who uses or threatens to use force in accordance with this subsection does not have a duty to retreat before using or threatening to use such force.

(2) A person is justified in using or threatening to use deadly force if he or she reasonably believes that using or threatening to use such force is necessary to prevent imminent death or great bodily harm to himself or herself or another or to prevent the imminent commission of a forcible felony. A person who uses or threatens to use deadly force in accordance with this subsection does not have a duty to retreat and has the right to stand his or her ground if the person using or threatening to use the deadly force is not engaged in a criminal activity and is in a place where he or she has a right to be.

MIAMI-DADE ___TIONS AND REHABILITATION DEPARTMENT
Inmate Grievance

*Exhibit D*

| Control # MW17-01095 | Emergency: ☐ Yes ☑ No | PIR Classification: Other |
|---|---|---|
| Jail # 150133695 | Cell # M148 | |

**PART VI - Reentry Program Services Bureau (RPSB) Correctional Counselor 1 Comments:**

Inmate Neal Says that he was assaulted by another inmate in the Cell and that no Sergeant or Lieutenant came to speak to him. Inmate Neal wants to Press charges on the other inmate and talk to IA

| RPSB Counselor Name: MATHEWS T. | Date: 1/19/2017 |
|---|---|

**PART VII - Initial Response (An Explanation Must be Provided if the Grievance is Being Rejected)**

Inmate Neal is requesting to press on the fight that occurred on 1/13/2017; the states he was hit in the back of the head. The also states he has pain in neck in reference to the assault.

| RPSB Supervisor Name: COBARCO E. | Date: 1/20/2017 |
|---|---|

**PART VIII - Grievance Recorded By:**

| Internal Affairs Case #: | RTR Case #: |
|---|---|

| Grievance Clerk Name: FELTON-SAINTVIL L. | Date: 1/20/2017 |
|---|---|

**PART IX - Facility/Bureau Supervisor/IMP Manager or Designee Response:(Provide Attachment as needed)**

Mr. Neal, this is not a grievance. I do agree that if you were assaulted staff should have asked if you wanted to, and allowed you to press charges when it occurred. Internal Affairs deals with staff misconduct and this does not fall into that category. Please speak with Corporal Barnes regarding contacting the State Attorney's Office to press charges.

☐ IMP Follow-up Required  ☐ Forwarded to IA

| This Grievance is Hereby: | ☐ Substantiated | ☑ Unsubstantiated |
|---|---|---|

| Facility/Bureau Supervisor/IMP Manager or Designee: SMITH, JAN | Date: 3/6/2017 |
|---|---|

**PART X - Inmate Response** ☐ Accepted (Resolved) ☑ Rejected (Unresolved) ☐ Appeal

| MIKE NEAL | | 3-23-17 | |
|---|---|---|---|
| Inmate Name X | Inmate Signature | Date: | ☐ Inmate Released |

Distribution: White Copy - RPSB File      Yellow Copy - Facility/Bureau Supervisor/IMP Manager or Designee      Pink Copy - Inmate

*Complaint #1* *Number* *Exhibit "C"*



# MIAMI-DADE CORRECTIONS AND REHABILIATION DEPARTMENT
## Inmate Grievance

MIAMI - DADE

IG17-06005

**INMATE NAME:** Mich E. Neal

**CONTROL NUMBER:** IG17-06005

**JAIL NUMBER:** 150-133-695   **UNIT/CELL NUMBER:** K-2-H-2303   **DATE:** 6-8-2017

The inmate must complete and submit this form to a staff member within 10 workdays of when incident occurred. If an incident/situation affects more than one inmate, each inmate must personally submit a separate complaint/grievance.  Also, if an inmate has more than one complaint/grievance, each complaint/grievance must be submitted on a separate Inmate Grievance form. You must state what or who is the subject of the grievance related dates and places, and what effect the situation, problem, or person is causing.  State the title of any policy or standard that may be the subject of your grievance, if applicable. Attach copies of all forms (if applicable) used in an attempt to resolve your complaint.

If a specific staff member is the subject of your grievance, ensure to submit this form to a different staff member WHO IS NOT the subject of your grievance.

**PART I – PROVIDE SPECIFIC DETAILS OF YOUR GRIEVANCE:**

Miami-Dade Corrections T-G-K and Metro West Administration. Have been depriving me life, liberty without due process of the law. violating my Right to procedural due process. by first placin in confinement 1-13-2017 given 30 day 1-29-2017 without a hearing. after days of confinement then Place on Administrative hold. 5 months later still in segregation. Sgt. Lewis nor Sgt. Blanco want to clear me from segregat.

**PART II – WHAT STEPS HAVE YOU TAKEN TO SOLVE THE GRIEVANCE?** I Told both sgt. my liberty interest and its procedure due process I also Told Both sgt over segregation this punishment is an "atypical and significant hardship on me in relation to the ordinary incidents of Dade county Jails life. Then I stated its extremely harsh cdausing mental Health problems and Health problems. They Both stated I'm not coming off Administrative Hold. and didn't give me proper procedure why!

**PART III – WHAT REMEDY/ACTION(S) ARE YOU REQUESTING?**

I want it in writing from both Sgt. Lewis and Blandco why I'm still in confinemer. after doing 30day I was given back in 1-29-2017. That's been 5 months ago. I donot want the counselers respond only Straight from the correction Administrative Officers of The Dade county correction Jail!

*I affirm that all statements I have made are true and correct.*

Mich E. Neal

Inmate Signature

6-8-2017

Date

**PART IV – GRIEVANCE RECEIVED BY:**

J. Guerra   COL

Staff Member Name (Print)          Signature          06-09-17   Date

**PART V – GRIEVANCE RETURNED TO INMATE FOR THE FOLLOWING REASONS:**

☐ INCOMPLETE   ☐ ONLY 1 COMPLAINT/1 NAME PER FORM   ☐ REJECTED (OFFENSIVE OR FRIVOLOUS)

<u>Note:</u> Inmate may resubmit the request to MDCR staff on a new Inmate Grievance form within 2 workdays.

*My signature below affirms that I have been informed this grievance form is returned unprocessed for the reason(s) indicated above.*

Inmate Signature          Date

Distribution:   White Copy - RPSB File     Yellow Copy - Facility/Bureau Supervisor/IMP Manager or Designee     Pink Copy - Inmate

39.82.PPB.146A          Page 1 of 2          R10-01-16



**MIAMI-DADE CORRECTIONS AND REHABILITATION DEPARTMENT**

Inmate Grievance

*Exhibit "F"*



| Control # TG17-06005 | Emergency: ☐ Yes ☑ No | PIR Classification: Classification/Confinement |
|---|---|---|
| Jail # 150133695 | Cell # K81 | |

**PART VI - Reentry Program Services Bureau (RPSB) Correctional Counselor 1 Comments:**

Inmate Neal, Mike, jAIL #150133695 submitted a grievance in regards to his confinement related issues. Mr. Neal, has been classified from Max, Mental Health units , and placed on disciplinary confinement for formal rule violation (Categories 1 through 111). There is a Appeal Process Form that must be fulled out within 2 working days and be given to staff. Note: Inmate Neal is presently located in unit k8-1 since 06/14-2017.

| RPSB Counselor Name: GUERRA JR J. | Date: 6/16/2017 |
|---|---|

**PART VII - Initial Response (An Explanation Must be Provided if the Grievance is Being Rejected)**

Inmate is grieving an issue which he dates in his grievance as having taken place on 1/13/17 past the 10 working days of the incident. Inmate also is submitting a grievance in regards to a disciplinary hearing sanction. The proper venue for any future grievances regarding disciplinary hearing sanctions is the inmate using a disciplinary hearing appeal form which must be submitted no more than two days after a hearing is conducted.

| RPSB Supervisor Name: GARCIA J. | Date: 6/20/2017 |
|---|---|

**PART VIII - Grievance Recorded By:**

| Internal Affairs Case #: | RTR Case #: |
|---|---|
| Grievance Clerk Name: VASQUEZ J. | Date: 6/20/2017 |

**PART IX - Facility/Bureau Supervisor/IMP Manager or Designee Response:(Provide Attachment as needed)**

| ☐ IMP Folllow-up Required | ☐ Forwarded to IA | |
|---|---|---|
| This Grievance is Hereby: | ☐ Substantiated | ☐ Unsubstantiated |
| Facility/Bureau Supervisor/IMP Manager or Designee: | | Date: |

**PART X - Inmate Response** ☐ Accepted (Resolved)  ☑ Rejected (Unresolved)  ☑ Appeal

| MIKE NEAL | *Mike E. Neal* | 8-24-2017 | |
|---|---|---|---|
| Inmate Name | Inmate Signature | Date: | ☐ Inmate Released |

*Rejected grievance have documents no Appeal.*

## RELIEF REQUESTED

Wherefore, Plaintiff Respectfully Requesting and Prays that this court ENTER Judgment:

Granting Plaintiff MIKE E NEAL an Declaration that the acts and omissions Described herein violated his Rights under the constitution law of the united States, and now to

Granting Plaintiff MIKE E. Neal compensatory damages in the amount of $250,000 against each Defendant jointly and severally, and

Granting Plaintiff MIKE E. Neal Punitive damages in the amount of $500,000 Plaintiff MIKE E. Neal SEEKS these damages against each defendant jointly and severally

Plaintiff MIKE E. Neal also SEEKS recovery of their cost in this suit. and

any additional relief this court deems is Just, Proper and Equitable.

Respectfully Submitted

/s/ mike E. neal

150-133-695

MIKE E. neal



JOHN GUERRA
MY COMMISSION # FF140036
EXPIRES: September 26, 2018

02/22/18

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true.

Executed on 2-20-2018

Respectfully submitted

Mike E. Neal
# 150-133-695
Turner Guilford Knight
Correctional Center
7000 N.W. 41st Street Miami
Florida 33136

JOHN GUERRA
MY COMMISSION # FF140036
EXPIRES: September 26, 2018

02/22/18

5.6

Legal Mail

Mils E Road unit 8-1 #150-133 695
cell 8137
7000 N.W 41st Street miami-Florida 33166
Turner Guilford Knight

THIS CORRESPONDENCE ORIGINATED
AT A MIAMI-DADE CORRECTIONS
AND REHABILITATION FACILITY * NOT
RESPONSIBLE FOR ITS CONTENTS

United States District Court
Southern District of Florida
Office of the clerk
400 north miami avenue
Miami-Florida 33128-7716